IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Case No. 5:17-cr-11 |
| ) | |
| ) | By: Michael F. Urbanski |
| ANTWAN WILSON COTTMAN, ) | |
| Defendant  ) | Chief United States District Judge |

MEMORANDUM OPINION

This matter comes before the court on defendant Antwan Wilson Cottman's pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), ECF No. 547. The Federal Public Defender filed a response, indicating that it would not be filing any additional pleadings on Cottman's behalf, ECF No. 552. The government has filed a response opposing Cottman's motion, ECF No. 554. Because Cottman has failed to demonstrate that extraordinary and compelling reasons exist to warrant a reduction in his sentence, the court will **DENY** the motion.

I.

On January 5, 2018, Cottman pled guilty to participating in a conspiracy to distribute more than 1,000 grams of heroin and knowingly distributing heroin that resulted in serious bodily injury in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). Cottman was involved in the drug trafficking conspiracy from 2013 to 2017 and admitted to distributing at least 90 kilograms of heroin during that time. In 2017, there were five non-fatal overdoses directly attributed to Cottman's heroin distribution conspiracy. The court sentenced Cottman to 180

months of incarceration. Cottman has a projected release date of March 14, 2030 and is currently housed at FCI Sandstone in Minnesota.

On June 19, 2020, Cottman filed a pro se motion seeking compassionate release due to the COVID-19 pandemic. In his motion, Cottman asserts that the made a request for compassionate release to the warden of FCI Sandstone on June 8, 2020, and the warden denied his request on June 10, 2020. Cottman asks the court to reduce his sentence because of the spread of COVID-19 and the inability to properly social distance in the prison environment.

## II.

In general, a "court may not modify the term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, creates an exception to this rule and authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The U.S. Sentencing Guidelines Manual ("USSG") published a Policy Statement that advises, in part, that a court should consider whether extraordinary and compelling reasons warrant a reduction in an inmate's sentence. USSG § 1B1.13. The Application Notes for the Policy Statement state that "extraordinary and compelling reasons" exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over 65 years old, has failing health, and has served at least ten years or 75 percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) as determined by the Director of the BOP, for "other reasons" other than, or in combination with, the reasons described in Application Notes (A)-(C). Id., at cmt. n. 1(A)-(D).

"In the context of the COVID-19 outbreak, courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." United States v. Harper, No. 7:18-cr-25, 2020 WL 2046381, at *3 (W.D. Va. Apr. 28, 2020). Further, "[w]hen assessing compassionate release motions during the pandemic, the Court examines the Center for Disease Control and Prevention's [CDC] list of risk factors for severe COVID-19 complications." Wilson v. United States, No. 2:11-cr-180, 2020 WL 3315995, at *3 (E.D. Va. June 18, 2020). As such, the CDC has issued guidance on specific risk factors that place individuals at a higher risk of severe outcomes from COVID-19.[1] Here,

---

[1] Available at: https://www.cdc.gov/coronavirus/2019-ncov/specific-groups/people-at-higher-risk.html (last visited September 2, 2020).

3

Cottman has failed to establish that he suffers from any specific risk factor or that any other extraordinary compelling reason warrants a reduction in his sentence. Indeed, Cottman fails to identify any medical conditions that would make him more susceptible to COVID-19.

While Cottman does not identify any medical conditions, he argues that the prison environment creates a higher risk of the spread of COVID-19. While the court is sympathetic to the risk that COVID-19 poses, "the mere existence of COVID-19 in society . . . cannot independently justify compassionate release." United States v. Raia, 954 F.3d 594, 597 (3rd Cir. 2020). Because Cottman has failed to establish that any extraordinary and compelling reason exists to warrant a reduction in his sentence, the court must deny his motion. Accordingly, the court finds that Cottman has not demonstrated "extraordinary and compelling" reasons to warrant a sentence reduction under § 3582(c)(1)(A).[2]

### III.

For the reasons stated herein, the court **DENIES** Cottman's motion for compassionate release, ECF No. 547. The clerk is directed to send a copy of this memorandum opinion and accompanying order to the petitioner, his counsel of record, and the United States. An appropriate order will be entered.

It is so **ORDERED**.

Entered:   September 2, 2020

Michael F. Urbanski
Chief U.S. District Judge
2020.09.02 11:52:38 -04'00'

Michael F. Urbanski
Chief United States District Judge

---

[2] Because the court finds that Carroll has not presented extraordinary and compelling reasons to warrant a reduction in his sentence, it need not determine if the § 3553(a) factors weigh in favor of his release.